IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRENDAN SCHMIDT and DENISE SCHMIDT,

                Plaintiffs,

v.

PENTAIR, INC., et al.,

                Defendants.

NO. C08-4589 TEH

<u>ORDER GRANTING IN PART
AND DENYING IN PART
PLAINTIFFS' MOTION TO
STRIKE AFFIRMATIVE
DEFENSES</u>

       This matter came before the Court on November 1, 2010, on the motion to strike affirmative defenses filed by Plaintiffs Brendan and Denise Schmidt (collectively "Plaintiffs"). For the reasons set forth below, this motion is GRANTED IN PART and DENIED IN PART.

       Motions to strike are generally regarded with disfavor, but they are proper when a defense is insufficient as a matter of law. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); Fed. R. Civ. P. 12(f). To determine that a defense is insufficient as a matter of law, "the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *E.E.O.C. v. Interstate Hotels, LLC*, No. C 04-04092, 2005 WL 885604, at *1 (N.D. Cal. Apr. 14, 2005); *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). Furthermore, the notice pleading standard in the federal courts requires that an "Answer provide Plaintiffs with 'fair notice of the defense' in order to be procedurally sufficient." *Smith v. Wal-Mart Stores*, No. C 06-2069, 2006 WL 2711468, at *9 (N.D. Cal. Sept. 20, 2006) (quoting *Wyshack v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)); Fed. R. Civ. P. 8(c). While a Court may strike an insufficient defense on its own initiative under Rule 12(f) of the Federal Rules of

Civil Procedure, whether to consider an untimely motion is within the Court's discretion. *United States v. Wang*, 404 F. Supp. 2d. 1155, 1157 (N.D. Cal. 2005).

Of the twelve affirmative defenses that Plaintiffs move to strike, Defendants Delta International Machinery Corp. and Home Depot U.S.A., Inc., dba Yardbirds Home Center, (collectively "Defendants")[1] stipulate to the withdrawal of eight of them. Plaintiffs' motion is GRANTED as to these defenses. The contested affirmative defenses are 1) failure to mitigate injuries; 2) misuse of product; 3) spoliation of evidence; and 4) assumption of risk.

**I. Failure to Mitigate, Misuse of Product, and Spoliation of Evidence**

Plaintiffs move to strike as insufficient Defendants' affirmative defenses of failure to mitigate, misuse of product, and spoliation of evidence. Plaintiffs fail to persuade the Court that these defenses must be stricken from the pleadings at this late date, some eighteen months after they were served on Plaintiffs. The Court cautions Defendants not to pursue defenses unsupported by evidence. However, pursuant to the discretion granted to this Court under Rule 12(f) of the Federal Rules of Civil Procedure, Plaintiffs' motion to strike the aforementioned defenses is DENIED.

**II. Assumption of Risk**

Plaintiffs argue that the defense of assumption of risk is insufficient because no facts could be proven to support it. The defense of assumption of risk has been abolished in strict products liability actions, *Daly v. General Motors Corp.*, 20 Cal. 3d 725, 738 (1978), and it survives in negligence cases only if the defendant owes no legal duty to protect the plaintiff from harm. *Ford v. Polaris Industries, Inc.*, 139 Cal. App. 4th 755, 767-68 (2006). For example, assumption of risk can be a complete defense to negligence claims that arise from some sports injuries. *Id.* However, the defense merges with principles of comparative fault in negligence cases in which the defendant owes a duty of care to the plaintiff. *Id.* at 767.

---

[1] Other Defendants that opposed the motion have been dismissed from the case.

2

Defendants concede that the negligence claims this action are among those in which the defense of assumption of risk is merged with principles of comparative fault, and that assumption of risk is not a standalone defense in this case. Nonetheless, Defendants contend that assumption of risk survives as a "subset" or "form" of comparative negligence. Defs.' Opp. 4:16-18. Defendants fail to cite a single authority in support of this theory. Nor do they explain how a defense that is merged with comparative negligence can nonetheless be pleaded as a standalone affirmative defense. Notwithstanding Plaintiffs' delay in bringing this motion, this Court finds the affirmative defense of assumption of risk to be insufficient. Plaintiffs' motion to strike Defendants' assumption of risk defenses is therefore GRANTED.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to strike Defendants' affirmative defenses is GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED.**

Dated: 11/4/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT