UNITED STATES DISTRICT COURT

Northern District of California

BRENDAN SCHMIDT, et al.,

                Plaintiffs,                      No. C 08-4589 TEH (MEJ)

   v.

DELTA INTERNATIONAL MACHINERY CORP., et al.,

                Defendants.

**ORDER RE: DISCOVERY DISPUTE (DKT. #102)**

_____/

## I. INTRODUCTION

Before the Court is a joint discovery dispute letter filed on November 10, 2010 by Plaintiffs Brendan Schmidt and Denise Schmidt ("Plaintiffs") and Defendant Delta International Machinery Corp. ("Delta"). ("Joint Letter," Dkt. #102.) Upon review of the parties' arguments, the Court ORDERS as follows.

## II. BACKGROUND

This is a product liability case in which Plaintiff Brendan Schmidt alleges that on October 2, 2006, he sustained injuries when his left hand made contact with the spinning blade of a Delta Model TS200 portable table saw which was manufactured in June 2004 ("TS200 Saw"). (Dkt. ##1, 54.) Plaintiffs claim that the guard on the TS200 Saw was defectively designed and failed to utilize Flesh Detection Technology, which would have prevented injuries from contact with the spinning blade. (Joint Letter at 1.) Delta denies that the TS200 Saw was negligently designed. *Id.*

## III. DISCUSSION

Plaintiffs seek production of the following: (1) documents relating to research on installing Flesh Detection Technology on benchtop saws after December 31, 2009; (2) information regarding all accidents arising from Delta saw injuries; and (3) the wholesale or the suggested retail price for

each Delta saw. The Court will consider each issue in turn.

**A.     Documents relating to research on installing Flesh Detection Technology in 2010**

Delta produced documents concerning their development of incorporating Flesh Detection Technology through December 31, 2009, but refused to produce documents created afterwards, arguing that they are not reasonably calculated to lead to the discovery of admissible evidence. (Joint Letter at 2, 3.) Plaintiffs seek production of these documents, insisting that they are relevant because the technology is being developed for use on benchtop saws, for which Delta claims Flesh Detection Technology was not feasible. *Id.* at 2. Delta responds that the research is irrelevant because it is related to the technology developed through Joint Venture in 2008 or 2009[1], "the feasibility of which is not at issue in this case." *Id.* at 3.

Evidence of subsequent remedial research is generally inadmissible unless the feasibility of the technology is controverted. Fed. R. Evid. 407; *Gauthier v. AMF, Inc.*, 788 F.2d 634, 637-38 (9th Cir. 1986), amended, 805 F.2d 337 (9th Cir. 1986). "It is enough if defendant agrees that it will not introduce evidence of nonfeasibility or argue it. Plaintiffs could then introduce evidence of feasibility other than subsequent remedial measures and could argue that defendant had not disputed the point." *Gauthier*, 788 F.2d at 637-38 (quoting *Friedman v. Nat'l Presto Indus.*, 566 F. Supp. 762, 765 (E.D.N.Y. 1983)).

Here, it is not clear from the parties' arguments whether the feasibility of the newly-developed Flesh Detection Technology will be at issue in the case. However, at this preliminary stage and based on the Delta's contention, the Court finds the evidence of the current research is inadmissible. Accordingly, the Court denies Plaintiffs' motion to compel production of documents relating to research on installing Fresh Detection Technology after December 31, 2009. If Plaintiffs show that Delta affirmatively contests the feasibility of the technology in the lawsuit, however, the Court may order Delta to produce relevant documents upon a further showing of relevance.

---

[1] The current research is conducted by Black & Decker (U.S.) Inc., which began manufacturing table saws with the Delta bland name in October 2004. (Joint Letter at 3.)

**B.     Information regarding all accidents arising from Delta saw injuries**

Plaintiffs seek information regarding all accidents arising from Delta saw injuries, arguing that it is relevant because "all the table saws made by Defendants share the same blade guard design," which cannot adequately protect users in the type of cut Plaintiff Brendan Schmidt was doing. (Joint Letter at 2.)  In response, Delta contends that it has already provided accident data related to the TS200 Saw and "substantially similar models," and all other models are irrelevant. *Id.* at 4.

Evidence of other accidents is admissible so long as it is related to substantially similar models to the product at issue in a particular case. *Cooper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1105 (9th Cir. 1991).  Here, according to Delta, there are approximately 100 variety of Delta saw models, including large cabinet saws costing over three thousand dollars and weighing more than five hundred pounds, which is substantially different from the TS200 Saw, which costs roughly one hundred dollars and weighs approximately thirty-seven pounds. (Joint Letter at 3, 4.)  Although Delta Saws are generally equipped with "a splitter, anti-kickback pawls, and a barrier guard, the guards have different dimensions, different configurations, are made of different materials, are attached differently, and function differently." *Id.* at 4.

Based on Delta's assertion, the Court finds it reasonable that the guarding systems are substantially different depending on models.  Therefore, it is overly broad to produce information regarding all accidents arising from various Delta saws.  Since Plaintiffs fail to show that the guarding systems of these various saws are "substantially similar" and reasonably calculated to lead to the discovery of admissible evidence, the Court denies Plaintiffs' motion to compel production of information regarding all accidents arising from Delta saw injuries.

**C.     The wholesale or the suggested retail price for each Delta saw**

Plaintiffs seek the wholesale or the suggested retail price for each Delta saw, arguing that the information is relevant to the issue of feasibility, especially the resources available to develop Fresh Detection Technology. (Joint Letter at 2, 3.)  Delta responds that it does not contend that there is a lack of financial resources available to develop safer models and, therefore, the request is irrelevant

to this lawsuit. *Id.* at 4.

Upon review of both parties' relevance arguments, the Court finds the pricing data of each saw is irrelevant to the issues in this lawsuit. Since Plaintiffs do not show that the information is reasonably calculated to lead to the discovery of admissible evidence, the Court denies Plaintiffs' motion to compel production of information regarding the wholesale or the suggested retail price for each Delta saw.

## IV. CONCLUSION

Based on the analysis above, the Court DENIES Plaintiffs' motion to compel. However, as to documents relating to research on installing Flesh Detection Technology, the Court may order production of relevant documents upon further showing of Delta's contention about feasibility. Plaintiffs are advised that the showing they made here is not enough to require production, and any further request must be supported by a strong showing.

**IT IS SO ORDERED.**

Dated: November 17, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge

4