1
2
3                          UNITED STATES  DISTRICT COURT
4                            Northern District of California
5

6    BRENDAN SCHMIDT,                              No. C 08-04589 TEH (MEJ)

7                    Plaintiff,                    **ORDER RE JANUARY 27, 2011 JOINT**
         v.                                        **LETTER (Dkt. # 108)**
8
     DELTA INTERNATIONAL MACHINERY
9    CORP., *et al.*,

10                   Defendants.
     _____/
11

12        On January 27, 2011, the parties in this action filed a joint letter re-asserting a discovery

13   dispute concerning Delta's refusal to produce certain documents.  (Dkt. #108.)  Specifically,

14   Plaintiffs seek an order compelling Delta to produce documents from 2010 relating to Black &

15   Decker's "development, analysis, and consideration of incorporating a form of flesh detection

16   devices (and related technology such as interlock devices) which has been developed by the Power

17   Tool Industry ("PTI") Joint Venture ("J.V.") and which would mitigate or prevent injuries from

18   table saw users' contact with the spinning blade of table saws."  (*Id*. at 3.)  Black & Decker

19   previously produced similar documents that were generated up through the end of 2009.  (*Id*. at 4.)

20   Subsequently, in October 2010, Plaintiffs sought to compel Delta to produce all additional

21   documents relating to Black & Decker's evaluation of the Joint Venture technology from 2010.

22   (Dkt. #90.)  On November 17, 2010, the Court denied Plaintiffs' request without prejudice.

23   However, the Court indicated that, "[i]f Plaintiffs show that Delta affirmatively contests the

24   feasibility of the technology in the lawsuit . . . the Court may order Delta to produce relevant

25   documents upon a further showing of relevance."  (Dkt. #103 at 2.)  In the instant joint letter, Delta

26   states that it intends to dispute that it was feasible to incorporate flesh detection technology into the

27   subject saw when it manufactured it in 2004.  (Dkt. #108 at 3.)  Thus, the key question is whether

28   Plaintiffs have established that documents from 2010 relating to Black & Decker's evaluation of the

     Joint Venture flesh detection technology are relevant to any of its claims in this case.

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1    In support of their request, Plaintiffs argue that the documents are relevant because the saw

2  at issue in this case is a benchtop saw and "Plaintiffs' counsel knows from discovery that Black &

3  Decker is developing this technology for use on . . . benchtop saws." (*Id*. at 2.)  Plaintiffs further

4  assert that they "are prepared to show at trial that the technology developed by the Joint Venture was

5  feasible in 2004 and could have been incorporated in a saw reasonably similar to the Subject Saw."

6  (*Id*.)  In particular, Plaintiffs contend that "[t]he 2010 documents . . . are critical to show that flesh

7  detection technology was feasible for the Subject Saw because Black & Decker is now at the critical

8  stage of development."  (*Id*. at 3.)

9    Delta, however, maintains that while it will contest the feasibility of incorporating flesh

10  sensing technology on the subject saw, the documents Plaintiffs seek are irrelevant to the feasibility

11  issue.  First, Delta argues that the documents concern a project that Black & Decker began in 2008

12  for future model table saws that are not related in any way to the TS200 model saw at issue here.

13  (*Id*. at 3-4.)  Second, Delta argues that the information in the documents do not relate to the Saw

14  Stop technology that Delta claims is the focus of Plaintiffs' experts' opinions. (*Id*. at 4.)  Finally,

15  Delta asserts that Black & Decker already produced substantial documentation regarding the Joint

16  Venture technology and Plaintiffs have not shown that the later documents concerning Black &

17  Decker's testing of the flesh sensing technology have any relevance to assessing whether the Saw

18  Stop or other flesh sensing technology was feasible on a TS200 saw made in 2004 by Delta.

19    The Court has carefully considered the parties' arguments and cited authorities, and agrees

20  with Delta.  The documents Plaintiffs seek were not drafted by Delta, do not concern the subject

21  saw, and involve technology developed years after Delta manufactured the saw at issue in this case.

22  The Court therefore finds that Plaintiffs have not sufficiently demonstrated that the 2010 documents

23  are relevant to the issue of feasibility.  Accordingly, the Court **DENIES** Plaintiffs' request to compel

24  production of the documents.

25    **IT IS SO ORDERED.**

26  Dated: February 9, 2011

27  _____
    Maria-Elena James
    Chief United States Magistrate Judge

28

2